IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SE PROPERTY HOLDINGS, LLC, | ) |
| | ) |
|      **Plaintiff,** | ) |
| | ) |
| **v.** | )     **CIVIL ACTION 13-0027-WS-N** |
| | ) |
| HAROLD O. ELLIOTT, JR., | ) |
| | ) |
|      **Defendant.** | ) |

**ORDER**

This matter comes before the Court on plaintiff's Motion for Default Judgment (doc. 12) directed at defendant, Harold O. Elliott, Jr.  The Motion is ripe for disposition.

**I.    Background.**

This case is one of numerous loan default actions that have landed on this District Court's docket in recent years.  In a commonplace scenario in this sort of litigation, the defendant has been properly served with process, but has not met his obligations under the Federal Rules of Civil Procedure.  Specifically, he has failed to respond, answer or in any way defend against the well-pleaded claims.  Default having been entered, defendant having received ample notice of the pendency of such default proceedings and having steadfastly opted to remain silent, all that now remains to be done is for the Court to verify that entry of judgment is appropriate and, if so, fix damages and enter default judgment.

Plaintiff, SE Property Holdings, LLC ("SEPH"), commenced this action by filing a Complaint (doc. 1) against defendant, Harold O. Elliott, Jr., in this District Court on January 22, 2013.  The Complaint alleged a single state-law cause of action for breach of contract, arising from an unpaid loan.[1]  The well-pleaded factual allegations of the Complaint describe the circumstances and terms of the loan, and defendant's nonpayment of same, in substantial detail.

---

[1]    Notwithstanding the purely state-law nature of this claims, SEPH properly predicated federal subject-matter jurisdiction on the diversity provisions of 28 U.S.C. § 1332.  In particular, the Complaint reflects that the amount in controversy (*i.e.*, the sum claimed to be due (Continued)

The loan in question, Loan No. 9000004307, led to the execution of a Balloon Note (the "Note") by Elliott on or about March 10, 2008 in favor of SEPH's predecessor in interest, in the principal amount of $125,000.  (Doc. 1, ¶ 8 & Exh. A.)  That loan was subsequently extended, renewed and/or modified on three occasions, and was transferred to another entity in February 2012.  (*Id.*, ¶¶ 9-12 & Exhs. B-D.)  Eventually, SEPH purchased the loan, such that it now owns all right, title and interest in such loan.  (*Id.*, ¶ 12.)  The Complaint alleges that Elliott defaulted on the loan in or around August 2012 by failing to make contractually required payments as they came due.  (*Id.*, ¶ 13.)

The record shows that SEPH timely and properly served process on Elliott in this case. In particular, a private process server personally served a copy of the Summons and Complaint on Elliott at an address in Bay Minette, Alabama, on January 23, 2013.  (Doc. 10.)  This filing contains clear proof of service in compliance with Rule 4(e)(2)(A), Fed.R.Civ.P.; however, Elliott has neither appeared nor taken any action to defend against SEPH's claims.  On that basis, a Clerk's Entry of Default (doc. 13) was entered against defendant pursuant to Rule 55(a), Fed.R.Civ.P., on February 15, 2013.[2]  SEPH has filed a Motion for Default Judgment, supported by affidavits and exhibits to prove up the damages sought.  Despite being afforded three weeks to respond to the Motion for Default Judgment, to request that the default be set aside under Rule

---

and owing on the subject loan) exceeds the $75,000 jurisdictional threshold and that complete diversity of citizenship exists among the parties (inasmuch as SEPH is a limited liability company whose sole member is an Ohio corporation with its principal place of business in Ohio, whereas defendant is a citizen of Alabama for diversity purposes).  On this showing, the Court is satisfied that federal jurisdiction has properly been invoked.

[2]    The court file confirms that Elliott has been given adequate notice of these default proceedings.  Indeed, the Clerk's Office mailed a copy of the Clerk's Entry of Default to defendant at the mailing address listed on the face of the Summons, which is the same address at which personal service of process was perfected.  Moreover, Certificates of Service confirm that SEPH served copies of both its Application for Entry of Default and its Motion for Default Judgment on Elliott at that address.  (*See* docs. 11, 12.)  Despite such notice of these default proceedings and a reasonable opportunity to appear and be heard both before and after the Clerk's Entry of Default, Elliott has chosen to refrain from taking action to defend his interests in this case.  Accordingly, the Court concludes that no further notice or invitation to defendant is warranted prior to entry of default judgment.

55(c), to contest damages or otherwise to be heard or participate in these proceedings, Elliott has not appeared.

## II.   Analysis.

### A.   Entry of Default Judgment is Appropriate.

In this Circuit, "there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003); *see also Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada*, 674 F.2d 1365, 1369 (11th Cir. 1982) ("Since this case involves a default judgment there must be strict compliance with the legal prerequisites establishing the court's power to render the judgment."). Nonetheless, it is well established that a "district court has the authority to enter default judgment for failure … to comply with its orders or rules of procedure." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).

Where, as here, a defendant has failed to appear or otherwise acknowledge the pendency of a lawsuit for some six weeks after being served, entry of default judgment is appropriate. Indeed, Rule 55 itself provides for entry of default and default judgment where a defendant "has failed to plead or otherwise defend." Rule 55(a), Fed.R.Civ.P. In a variety of contexts, courts have entered default judgments against defendants who have failed to appear and defend in a timely manner following proper service of process.[3] In short, "[w]hile modern courts do not favor default judgments, they are certainly appropriate when the adversary process has been halted because of an essentially unresponsive party." *Flynn v. Angelucci Bros. & Sons, Inc.*, 448 F. Supp.2d 193, 195 (D.D.C. 2006) (citation omitted). That is precisely what Elliott has done

---

[3]   *See, e.g., In re Knight*, 833 F.2d 1515, 1516 (11th Cir. 1987) ("Where a party offers no good reason for the late filing of its answer, entry of default judgment against that party is appropriate."); *Matter of Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992) ("when the court finds an intentional failure of responsive pleadings there need be no other finding" to justify default judgment); *PNCEF, LLC v. Hendricks Bldg. Supply LLC*, 740 F. Supp.2d 1287, 1290 (S.D. Ala. 2010) ("Where, as here, a defendant has failed to appear or otherwise acknowledge the pendency of a lawsuit for more than three months after being served, entry of default judgment is appropriate."); *Kidd v. Andrews*, 340 F. Supp.2d 333, 338 (W.D.N.Y. 2004) (entering default judgment against defendant who failed to answer or move against complaint for nearly three months); *Viveros v. Nationwide Janitorial Ass'n, Inc.*, 200 F.R.D. 681, 684 (N.D. Ga. 2000) (entering default judgment against counterclaim defendant who had failed to answer or otherwise respond within time provided by Rule 12(a)(2)).

here.  Despite being served with process in January 2013, defendant has declined to appear or defend, and has effectively prevented this litigation from leaving the starting blocks.

The law is clear, however, that Elliott's failure to appear and the Clerk's Entry of Default do not automatically entitle SEPH to a default judgment in the requested (or any) amount. Indeed, a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," but is instead merely "an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability."  *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp.2d 1353, 1357 (S.D. Ga. 2004); *see also Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1204 (5th Cir. 1975) (similar); *Cotton States Mut. Ins. Co. v. Sellars*, 2008 WL 4601015, *5 (M.D. Ala. Oct. 15, 2008) ("the failure to defend does not automatically entitle a plaintiff to recover"); *Descent v. Kolitsidas*, 396 F. Supp.2d 1315, 1316 (M.D. Fla. 2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief").  Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim."  *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997); *see also Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) ("A default defendant may, on appeal, challenge the sufficiency of the complaint, even if he may not challenge the sufficiency of the proof.").

In light of these principles, the Court has reviewed the Complaint, and is satisfied that it sets forth a viable cause of action against Elliott under Alabama law.  The well-pleaded factual allegations of the Complaint reflect that Elliott executed the Note promising payment to SEPH's predecessor with respect to Loan No. 9000004307 in March 2008, and that Elliott subsequently agreed to several modifications, including a Loan Modification Agreement (doc. 1, Exh. D) dated January 20, 2012.  In that Loan Modification Agreement, Elliott agreed that the outstanding principal on the Note was $121,959.90 (consisting of unpaid amounts loaned to Elliott by SEPH's predecessor), and promised to make monthly payments in a fixed amount for a 30-year period ending in January 2042.  Yet Elliott breached that agreement in August 2012 by failing to make agreed payments, and did not cure his default upon notice by SEPH in December 2012.  (Doc. 1, ¶ 15 & Exh. F.)  In short, then, the well-pleaded facts in the Complaint show that Elliott promised to make certain payments in consideration for money that was loaned to him,

that Elliott breached the terms governing that loan by failing to make required payments to SEPH, and that SEPH has been damaged by such non-performance.

These and other factual allegations in the Complaint are adequate to state a viable cause of action under Alabama law for breach of contract.[4]  Because the well-pleaded factual allegations in the Complaint are deemed admitted by virtue of Elliott's default, and because they are sufficient to state a breach-of-contract claim under Alabama law, the Court finds that Elliott is liable to SEPH on Count One.  Simply put, then, entry of default judgment against Elliott is appropriate pursuant to Rule 55, given his failure to appear after service of process and the sufficiency of the well-pleaded factual allegations of the Complaint (all of which he has now admitted) to establish his liability to SEPH for breach of contract as specified in the Complaint.

> **B.     Applicable Legal Standard for Damages.**

Notwithstanding the propriety of default judgment against defendant, it remains incumbent on SEPH to prove its damages.  "While well-pleaded facts in the complaint are deemed admitted, plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages." *Virgin Records America, Inc. v. Lacey*, 510 F. Supp.2d 588, 593 n.5 (S.D. Ala. 2007); *see also Eastern Elec. Corp. of New Jersey v. Shoemaker Const. Co.*, 652 F. Supp.2d 599, 605 (E.D. Pa. 2009) ("A party's default does not suggest that the party has admitted the amount of damages that the moving party seeks.").  Even in the default judgment context, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters."  *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see also Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects the basis for award); *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001) (affirming lower court's decision not to award damages on default judgment, where requested damages were

---

[4]     *See generally National Sec. Fire & Cas. Co. v. DeWitt*, 85 So.3d 355, 371 (Ala. 2011) ("In order to establish a breach-of-contract claim, a plaintiff must show (1) the existence of a valid contract binding the parties in the action, (2) his own performance under the contract, (3) the defendant's nonperformance, and (4) damages.") (citations omitted); *Barrett v. Radjabi-Mougadam*, 39 So.3d 95, 98 (Ala. 2009) (similar).  "A promissory note is a form of contract; therefore, it must be construed under general contract principles."  *Bockman v. WCH, LLC*, 943 So.2d 789, 795 (Ala. 2006).

"speculative and not proven by a fair preponderance of the evidence"); *Natures Way Marine, LLC v. North America Materials, Inc.*, 2008 WL 1776946, *1 (S.D. Ala. Apr. 16, 2008) (in default judgment setting, district court has obligation "not to award damages that are uncertain or speculative").[5]  "Rather than merely *telling* the Court in summary fashion what its damages are, a plaintiff seeking default judgment must *show* the Court what those damages are, how they are calculated, and where they come from."  *PNCEF, LLC v. Hendricks Bldg. Supply LLC*, 740 F. Supp.2d 1287, 1294 (S.D. Ala. 2010).

> ### C.      Unpaid Principal and Interest on Loan.

To prove its damages, plaintiff has submitted the Affidavit of Deborah D. Ard, Assistant Secretary for SEPH.  Plaintiff's evidence reflects that the final iteration of the Loan Modification Agreement encompassing Loan No. 9000004307 was in the principal amount of $121,959.90, with interest accruing at the yearly rate of 6.00%.  (Doc. 12, Exh. A, ¶ 7; doc. 1, Exh. D.)  This evidence further establishes that the unpaid principal amount due and owing on Elliott's loan today is in the amount of **$121,259.90**.  (*See* doc. 12, ¶ 11.)

---

[5]      In that regard, the Eleventh Circuit has explained that "[f]ederal law similarly requires a judicial determination of damages absent a factual basis in the record," even where the defendant is in default.  *Anheuser Busch*, 317 F.3d at 1266.  Ordinarily, unless a plaintiff's claim against a defaulting defendant is for a sum certain, the law "requires the district court to hold an evidentiary hearing" to fix the amount of damages.  *S.E.C. v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005).  However, no hearing is needed "when the district court already has a wealth of evidence from the party requesting the hearing, such that any additional evidence would be truly unnecessary to a fully informed determination of damages."  *Id.* at 1232 n.13; *see also Flynn v. Extreme Granite, Inc.*, 671 F. Supp.2d 157, 160 (D.D.C. 2009) (district court is not required to hold hearing to fix damages in default judgment context as long as it ensures there is a basis for damages specified); *Eastern Elec. Corp.*, 652 F. Supp.2d at 605 ("In considering the amount of damages ..., the Court may make its determination by conducting a hearing or by receiving detailed affidavits from the claimant."); *Virgin Records*, 510 F. Supp.2d at 593-94 ("Where the amount of damages sought is a sum certain, or where an adequate record has been made via affidavits and documentary evidence to show ... damages, no evidentiary hearing is required."); *Natures Way Marine, LLC v. North American Materials, Inc.*, 2008 WL 801702, *3 (S.D. Ala. Mar. 24, 2008) ("Although the trial court must make determinations as to the amount and character of damages, it is not necessary to conduct an evidentiary hearing to fix damages if the amounts sought by plaintiff are adequately supported by supporting affidavits and other documentation.").  In this case, SEPH has not requested a damages hearing, but has instead submitted evidence in support of the specified damages amounts.  In light of these authorities and circumstances, the damages determination will stand or fall on the written evidentiary submissions, without the necessity of a formal hearing.

With regard to interest, SEPH's Motion for Default Judgment specifies that it seeks an award of interest "at a default rate of 18.00% per annum." (Doc. 12, ¶ 12.) The obvious problem with this claim is that plaintiff has identified no provision (and the Court has found none) in the subject agreements allowing for such an 18% default rate of interest. Fortunately, however, elsewhere in plaintiff's filings are documents confirming that the actual rate of interest applied in computing accrued interest is 6%, and that those calculations yield accrued interest of **$4,487.29** through February 14, 2013, plus additional interest of **$415.38** through today's date.

Plaintiff having demonstrated that the bold-type amounts set forth above are elements of damages that it is entitled to recover against Elliott in this matter, the default judgment to be entered against defendant will reflect principal and interest damages on the breach-of-contract claim totaling **$126,162.57**.

### D.    *Plaintiff's Claim for Attorney's Fees and Costs.*

In addition to unpaid principal and default interest, SEPH seeks an award of attorney's fees and costs incurred in enforcing defendants' payment obligations. "Alabama follows the American rule, whereby attorney fees may be recovered if they are provided for by statute or by contract …." *Jones v. Regions Bank*, 25 So.3d 427, 441 (Ala. 2009) (citations omitted); *see also Battle v. City of Birmingham*, 656 So.2d 344, 347 (Ala. 1995) (same).[6] The law is clear that "provisions regarding reasonable attorney's fees are terms of the contracts susceptible to breach." *Army Aviation Center Federal Credit Union v. Poston*, 460 So.2d 139, 141 (Ala. 1984); *see also Ierna v. Arthur Murray Int'l, Inc.*, 833 F.2d 1472, 1476 (11th Cir. 1987) ("When the parties contractually provide for attorneys' fees, the award is an integral part of the merits of the case."). Here, the Note specifies that SEPH "will have the right to be paid back by [Elliott] for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees." (Doc. 1, Exh. A, ¶ 6.) Under Alabama law, such attorney's fees are recoverable; however, recovery is subject to

---

[6]    The Eleventh Circuit has hewed to the same principle. *See, e.g., Dionne v. Floormasters Enterprises, Inc.*, 667 F.3d 1199, 1205 (11th Cir. 2012) ("under the 'American Rule' parties in litigation are expected to bear their own attorney's fees and costs"); *In re Martinez*, 416 F.3d 1286, 1288 (11th Cir. 2005) ("Generally, in federal litigation, … a prevailing litigant may not collect an attorney's fee from his opponent unless authorized by either a federal statute or an enforceable contract between the parties.").

Alabama's imposition of a reasonableness constraint on all fee-shifting contracts, as a matter of public policy. *See, e.g., Willow Lake Residential Ass'n, Inc. v. Juliano*, 80 So.3d 226, 241 (Ala.Civ.App. 2010) ("Alabama law reads into every agreement allowing for the recovery of attorney's fees a reasonableness limitation."); *PNCEF, LLC v. Hendricks Bldg. Supply LLC*, 740 F. Supp.2d 1287, 1294 (S.D. Ala. 2010) (rejecting claim for attorney's fees in amount of 15% of fund to be collected, where plaintiff made no showing of its actual attorney's fee incurred in enforcing contract). Thus, plaintiff is entitled to recover only its reasonable attorney's fees and costs incurred in collecting on Elliott's debt.

It is well-settled that "[t]he determination of whether an attorney fee is reasonable is within the sound discretion of the trial court." *Kiker v. Probate Court of Mobile County*, 67 So.3d 865, 867 (Ala. 2010) (citations omitted). To guide this reasonableness inquiry, Alabama courts recognize a non-exhaustive list of criteria that may properly be considered, including: "(1) [T]he nature and value of the subject matter of the employment; (2) the learning, skill, and labor requisite to its proper discharge; (3) the time consumed; (4) the professional experience and reputation of the attorney; (5) the weight of his responsibilities; (6) the measure of success achieved; (7) the reasonable expenses incurred; (8) whether a fee is fixed or contingent; (9) the nature and length of a professional relationship; (10) the fee customarily charged in the locality for similar legal services; (11) the likelihood that a particular employment may preclude other employment; and (12) the time limitations imposed by the client or by the circumstances." *Pharmacia Corp. v. McGowan*, 915 So.2d 549, 552-53 (Ala. 2004) (citation omitted).

As a general proposition, "[t]he starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.... The product of these two figures is the lodestar and there is a strong presumption that the lodestar is the reasonable sum the attorneys deserve." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (internal citations and quotation marks omitted). "The court may then adjust the lodestar to reach a more appropriate attorney's fee, based on a variety of factors, including the degree of the plaintiff's success in the suit." *Association of Disabled Americans v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 (11th Cir. 2006).

Plaintiff claims an award of attorney's fees of $2,769.00, plus expenses of $5.47. Although those gross amounts appear facially reasonable, SEPH's evidentiary submission does not allow thorough review of the claimed fees because many of the relevant time entries simply

were not furnished to the Court.  (*See* doc. 12, Exh. B, at Exh. A.)  Rather than denying the request for fees because of that omission or delaying resolution of this matter while plaintiff supplements its evidentiary submission on this point, and in the interests of expediting entry of default judgment, the Court in its discretion will impose a 25% across-the-board cut of plaintiff's claimed hours to account for potentially unreasonable entries.  *See generally Bivins*, 548 F.3d at 1350 (where records show unreasonable hours billed, a court "has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut").

After making this modification (and without expressly approving counsel's claimed hourly rates or the specific time entries, the latter of which were not provided), the Court finds that the proper amount to be awarded to plaintiff under the attorney's fee provision of the relevant loan documents is **$2,076.75**.  The requested costs and expenses of **$5.47** are adequately documented and are approved as reasonable.  Adding attorney's fees and costs to the loan balance previously found to be due and owing, the proper amount of the default judgment to be entered against defendants is **$128,244.79**.

III.   **Conclusion.**

For all of the foregoing reasons, it is hereby **ordered** that Plaintiff's Motion for Default Judgment (doc. 12) is **granted in part, and denied in part**.  A default judgment will be entered in favor of plaintiff, SE Property Holdings, LLC, and against defendant, Harold O. Elliott, Jr., in the amount of **$128,244.79**.


DONE and ORDERED this 7th day of March, 2013.


s/WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE